UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTOINE D DUFF,

Petitioner,

v.                                          CAUSE NO.: 3:17-CV-383-PPS-MGG

WARDEN,

Respondent.

OPINION AND ORDER

Antoine D. Duff, a *pro se* prisoner, filed a habeas corpus petition challenging his

prison disciplinary hearing where a Disciplinary Hearing Officer found him guilty of

fleeing/resisting staff in violation of Indiana Department of Correction policy B-236.

Duff was docked 30 days earned credit time as a result of his conviction. ECF 1 at 1.

The Fourteenth Amendment guarantees prisoners certain procedural due

process rights in prison disciplinary hearings: (1) advance written notice of the charges;

(2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to

call witnesses and present documentary evidence in defense, when consistent with

institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974).  To satisfy due process, there must also be "some evidence" in the

record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445,

455 (1985).  In his petition, Duff argues there are three grounds which entitle him to

habeas corpus relief.

Duff first argues that he was written up for two separate offenses based on the same conduct report. He was first written up for fleeing/resisting and was later written up for threatening. ECF 25 at 2. At the disciplinary hearing, the threatening charge was dismissed, but the fleeing/resisting charge was not. Duff contends that both charges should have been dismissed pursuant to IDOC policy. *Id.* However, the IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this ground does not identify a basis for granting habeas corpus relief.

Duff next argues that he should not have been found guilty because he was not, in fact, resisting. Instead, he was unable to comply with Officer Erickson's orders due to an injured foot. ECF 1 at 2. Though Duff claims that he did not intend to resist Officer Erickson's commands, his intent is not a defense to the charged offense. *Jones v. Cross*, 637 F.3d 841, 847-48 (7th Cir. 2011) (lack of specific intent not valid defense in the context of a prison disciplinary action). The issue is whether the hearing officer had sufficient evidence to find him guilty.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. This is an exceedingly low standard. Here's how the Seventh Circuit has described it:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

My job in reviewing the decision is likewise limited. As the Seventh Circuit has noted, "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). In other words, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Duff was found guilty of violating offense B-235 "Fleeing/Resisting," which is defined as "[f]leeing or physically resisting a staff member in the performance of his/her duty." Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Here, the Conduct Report charged Duff as follows:

> On 2-21-17 at approximately 10:45, I Officer D Erickson was conducting a cell search in LHU cell 327-328. While Offender Duff, Anthony #137256

(B) of LHU-327 was in the showers so that a strip search could be conducted, he was given several verbal orders to conduct the strip search correctly and refused. At this time he reached up to the wall of the shower and grabbing his shorts. I then instructed him to place his hands behind him to be placed in mechanical restraints so he could be taking [sic.] to a dry cell in RHU until he complied and conducted the strip search properly. At this time I secured his left arm and went to place mechanical restraints on him and he pulled away stating, "don't touch me again or I'll give you a reason to take me to seg" and then pulled away from me. At this time I secured his left arm and escorted him against the wall in the shower. At this time Sergeant J. Heater came over and assisted in securing him against the wall. Once secured against the wall Sergeant Heater secured his left arm as I secured his right arm and he was placed into mechanical restraints. As we began to escort him out of the showers he stated [sic.] complaining that his foot was injured. At this time he was placed on a chair and a wheelchair was provided to take him to RHU. On the way to RHU Offender Duff stated several times that "he wouldn't be in seg long and once he was out he was going to beat my ass."

ECF 21-1.

The incident described in the conduct report was caught on videotape. According to the Report of Disciplinary Hearing Video Evidence Review, the video was reviewed and showed that "Offender Duff, Antoine 137256 did pull away from the Officer as he was attempting to place him in mechanical restraints. The camera supports the statement of staff in the conduct report." ECF 21-3 at 2.

The hearing officer had sufficient evidence to find Duff guilty. The hearing officer was confronted with two conflicting stories. Duff claimed that he was not resisting the strip-search but, instead, was simply unable to comply with Officer Erickson's commands due to an injured foot. However, the reporting officer believed that Duff was lying about the injury and intentionally refusing to conduct the strip-search correctly. It was the exclusive province of the hearing officer to consider and

4

weigh the respective credibility of the parties' stories, and I do not reconsider those credibility determinations here. *See Webb*, 224 F.3d at 652. Based on the conduct report alone, the hearing officer had sufficient evidence that Duff pulled away from Officer Erickson while he was trying to secure Duff in mechanical restraints. Moreover, I have reviewed the video evidence (ECF 23, 24) which further supports the hearing officer's finding. Thus, the finding of guilt was not arbitrary or unreasonable - there was some evidence to support it.

Duff's final contention is that the officers intentionally "lost" his personal property in retaliation for what occurred during the February 21, 2017, incident. However, the officers' alleged wrongful taking of property does not serve as a basis for granting habeas corpus relief.[1]

Accordingly, the petition (ECF 1) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED.

ENTERED: November 19, 2018

/s/     Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Duff points out that he is seeking relief for his property loss through Indiana's tort claims act.